**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| A.C. JACKSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:24-CV-00132 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant A.C. Jackson's amended motion to vacate, set aside and correct sentence brought pursuant to 28 U.S.C. § 2255. [ECF No. 3]. Based on review of the amended motion to vacate and for the reasons discussed below, the Court will deny and dismiss the amended motion to vacate because it is successive, and because movant has not sought authorization from the United States Court of Appeals for the Eighth Circuit for the Court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

### Background

Movant is a self-represented litigant who is currently incarcerated at the Federal Correctional Institution in Butner, North Carolina. On July 18, 2013, he was indicted on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *United States v. Jackson*, No. 1:13-CR-67 SNLJ (E.D. Mo.). Following a jury trial on January 14, 2014, movant was found guilty on both counts. On April 10, 2014, the Court sentenced him to 210 months imprisonment and three years of supervised release on each count, to be served concurrently. Movant subsequently filed a notice of appeal.

In his direct appeal, movant challenged the Court's denial of his motion to suppress. *United States v. Jackson*, 784 F.3d 1227, 1229 (8th Cir. 2015). Specifically, he argued that the search warrant failed to supply probable cause, and that the *Leon*[1] good faith exception should not have been applied to admit the evidence from the search. *Id.* On May 5, 2015,[2] the United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment. *Id.* at 1232. Movant's requests for rehearing and rehearing en banc were denied on June 10, 2015.

Movant filed his first 28 U.S.C. § 2255 motion on June 22, 2015. *Jackson v. United States*, No. 1:15-CV-00115 SNLJ (E.D. Mo.). In the motion, he raised ten grounds for relief, alleging: (1) that the grand jury indictment was unconstitutionally vague and failed to charge an offense; (2) that the grand jury indictment was constructively amended; (3) that he was denied his constitutional right to testify at a competency hearing; (4) that he was not convicted of the offense for which he was charged; (5) that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to him; (6) that the residual clause of 18 U.S.C. § 924(e) was unconstitutionally vague; (7) that the government improperly commented on a prior conviction; (8) that his sentence was unconstitutionally excessive; (9) that the Court allowed a juror to sleep during the trial; and (10) that the Court improperly allowed the grand jury access to a copy of the indictment. On November 5, 2015, the Court denied the motion on the merits, whereupon movant filed an application for a certificate of appealability. *Id.*

On January 28, 2016, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability. *Jackson v. United States*, No. 15-3693 (8th Cir. 2016). His motions for rehearing en banc and for a panel rehearing were likewise denied on

---

[1] *United States v. Leon*, 468 U.S. 897 (1984).

[2] The Court of Appeals initially filed its Opinion and Judgment on May 5, 2015. A corrected Opinion was filed on May 27, 2015.

March 17, 2016. Shortly thereafter, on March 23, 2016, movant filed a petition for writ of certiorari in the United States Supreme Court. *Jackson v. United States*, No. 16-5200 (2016). The petition was denied on October 3, 2016.

On January 31, 2017, movant sought authorization from the United States Court of Appeals for the Eighth Circuit to allow the Court to consider a successive application for relief under 28 U.S.C. § 2255. *Jackson v. United States*, No. 17-1214 (8th Cir. 2017). In his application, movant argued that he was actually innocent, that the indictment was void, and that attempted aggravated robbery or second-degree burglary was no longer necessarily a crime of violence. On May 19, 2017, the Court of Appeals denied the motion for authorization to file a successive habeas application. *Id.*

On June 22, 2017, while incarcerated in the Eastern District of Virginia, movant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jackson v. Wilson*, 2017 WL 7789722 (E.D. V.A. 2017). In the petition, he argued that he was entitled to resentencing because the application of the Armed Career Criminal Act used to enhance his sentence had been declared invalid by the Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015).[3] The United States District Court for the Eastern District of Virginia determined that movant was attempting to circumvent the restrictions on successive 28 U.S.C. § 2255 motions, and dismissed the § 2241 petition on June 30, 2017. On October 20, 2017, the United States Court of Appeals for the Fourth

---

[3] The Armed Career Criminal Act's residual clause defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court's decision in *Johnson* did not affect the constitutionality of the Act's "force clause," which defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 28 U.S.C. § 924(e)(2)(B)(i).

3

Circuit denied movant's request for a certificate of appealability. *Jackson v. Wilson*, 699 Fed. Appx. 214 (4th Cir. 2017).

Movant filed a petition for writ of error coram nobis in the Eastern District of Missouri on February 20, 2018. *Jackson v. United States*, No. 1:18-CV-00040 SNLJ (E.D. Mo.). The Court construed the petition as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and dismissed it as successive on March 19, 2018. *Id.* Movant filed a notice of appeal. On May 21, 2018, the United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's judgment. *Jackson v. United States*, No. 18-1713 (8th Cir. 2018).

On June 26, 2019, movant filed a motion under 28 U.S.C. § 2244 with the United States Court of Appeals for the Eighth Circuit, seeking authorization to file a successive 28 U.S.C. § 2255 motion in this Court. *United States v. Jackson*, No. 19-2349 (8th Cir. 2019). In the motion, he suggested that new interpretations of the law meant he was entitled to relief. The Court of Appeals denied his motion on September 16, 2019. *Id.*[4]

On April 8, 2022, movant filed yet another motion with the United States Court of Appeals for the Eighth Circuit, again seeking authorization for this Court to consider a successive 28 U.S.C. § 2255 application for relief. *Jackson v. United States*, No. 22-1736 (8th Cir. 2022). In the motion, movant asserted that his sentences under 28 U.S.C. § 924(e) were unauthorized by law. The Court

---

[4]Movant filed a motion for relief under the First Step Act on May 21, 2020. Counsel was appointed on his behalf, and an amended motion was filed on March 10, 2021. The government filed a response to the motion on June 11, 2021, and the Court denied movant's motion for compassionate release on July 2, 2021. In denying the compassionate release motion, the Court found that there was no indication that movant was not being treated appropriately, that movant was not suffering from a terminal illness and that movant had eight felony convictions including his most recent conviction at age 65 for which he received his 210-month sentence. As such, the Court declined to reduce his sentence pursuant to 18 U.S.C. § 3582(c). Movant appealed the denial of his motion for compassionate release, and the Eighth Circuit Court of Appeals affirmed the district court's order on December 2, 2021. *United States v. Jackson*, No. 21-3697 (8th Cir. 2021). Movant filed a second motion for compassionate release on December 1, 2023. The motion was denied on June 27, 2024. He again appealed the ruling to the Eighth Circuit Court of Appeals who affirmed the district court on July 22, 2024. *United States v. Jackson*, No. 24-2447 (8th Cir. 2024).

of Appeals denied his motion for authorization to file a successive habeas application on May 27, 2022. *Id.* A subsequent document construed as a petition for rehearing was denied by the Court of Appeals on October 17, 2022. *Id.*

On July 15, 2022, movant filed a document in this Court titled "Motion for Fraud Upon the Court Pursuant to Fed. R. Civ. P. 60(d)(3)." *Jackson v. United States*, No. 1:22-CV-00094 SNLJ (E.D. Mo.). The Court analyzed the submission and determined that it was an attempt at a collateral attack under 28 U.S.C. § 2255. The Court therefore denied and dismissed the action on August 12, 2022, and denied a certificate of appealability. *Id.*

Movant initiated a new action on October 27, 2022, by submitting a letter that the Court construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jackson v. United States*, No. 1:22-CV-00148 SNLJ (E.D. Mo.). After reviewing the submission, the Court determined that it was an attempt at a collateral attack under 28 U.S.C. § 2255. The Court denied and dismissed the action as successive on November 4, 2022, and denied a certificate of appealability. *Id.* Movant appealed the dismissal and sought a certificate of appealability. On December 2, 2022, the Eighth Circuit Court of Appeals denied movant's request for a certificate of appealability. *Jackson v. United States*, No. 22-3413 (8th Cir. 2022).

On March 24, 2023, movant filed a motion to vacate seeking relief pursuant to the Supreme Court case of *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Jackson v. United States*, No. 1:23-CV-00040 SNLJ (E.D.Mo.). In his motion, he alleged that the United States Sentencing Guidelines were not properly followed, and his criminal history points were calculated incorrectly. *Id.* The Court denied and dismissed the action as successive on June 12, 2023, and denied a certificate of appealability. *Id.* On July 31, 2023, the Eighth Circuit Court of Appeals denied movant's request for a certificate of appealability. *Jackson v. United States*, No. 23-2541 (8th Cir. 2023).

Movant filed the instant motion to vacate on July 1, 2024. He filed an amended motion on August 30, 2024. In his amended motion, movant asserts that "the Court engaged in judicial fact-finding" during his sentencing, which he believes violated his Fifth and Sixth Amendment rights. Movant argues that this type of "fact-finding" must be done by a jury to enhance his sentence. Movant relies on the Supreme Court case of *Erlinger v. United States*, 144 S.Ct. 1840 (2024), as support for his argument.

## Discussion

The amended motion to vacate is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255, but it has not been certified by the United States Court of Appeals for the Eighth Circuit.

According to 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is required to undertake a preliminary review of the motion before directing the United States to respond. Having reviewed the amended motion to vacate, and for the reasons discussed below, movant's § 2255 amended motion to vacate must be denied and dismissed as successive.

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first "receive certification from the court of appeals to file a second or successive 2255 motion." *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

There is no indication that movant has sought, much less obtained, the necessary authorization before filing the instant amended motion to vacate. As a result, the Court concludes it lacks jurisdiction to consider the amended motion to vacate. A district court may choose to either transfer a successive motion to vacate or deny and dismiss the action. *See* 28 U.S.C. § 1631. For the following reasons, the Court finds that it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit and will instead dismiss the amended motion to vacate.[5]

---

[5] The Court understands that movant believes that the recent *Erlinger* decision provides him a novel avenue for challenging his conviction. However, as the Court noted above, movant has attempted to challenge his armed career criminal status on several prior occasions to no avail. *Erlinger* held that a jury must decide whether a defendant's past offenses were committed on separate occasions for purposes of the Armed Career Criminal Act. *Erlinger*, 144 S. Ct. at 1860. *Erlinger* did not address which convictions qualified as eligible convictions under the Sentencing Guidelines, nor did it make its holding retroactively applicable to cases on collateral review. *See generally id*. Even if *Erlinger* were retroactively applicable, movant would still have to ask the Eighth Circuit for permission to file a § 2255 motion based on *Erlinger* before this Court would have jurisdiction to consider it. 28 U.S.C. § 2255(h)(2).

## Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a proceeding under section 2255"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's 28 U.S.C. § 2255 amended motion to vacate, set aside, or correct sentence [ECF No. 3] is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 10th day of October, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE